Marian F. Harrison
US Bankruptcy Judge

Dated: 07/15/10

# IN THE UNITED STATES BANKRUPTCY COURT FOR
# THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| IN RE: ) | |
| ) | |
| BARRY NEIL SHRUM, ) | CASE NO. 309-06329 |
| ) | CHAPTER 11 |
| Debtor. ) | JUDGE HARRISON |
| ) | |
| DAVID TYREE, TIMOTHY M. ) | |
| CARTER, WALTER W. FUCHS, AND ) | ADV. NO. 309-0259A |
| BONNIE FUCHS, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| BARRY NEIL SHRUM, AND ) | |
| CIVIC BANK & TRUST, ) | |
| ) | |
| Defendants. ) | |

_____

## MEMORANDUM OPINION
_____

This matter is before the Court upon Civic Bank & Trust's (hereinafter "Civic Bank") motion for summary judgment. At the hearing on May 11, 2010, the Court held that summary judgment should be granted to Civic Bank for the reasons stated below.

## I. BACKGROUND

The plaintiffs deposited a total of $375,000 with the debtor, a Nashville attorney, pursuant to written contracts or options to purchase property being developed in Costa Rica by Global Construction Development (hereinafter "Global"). In early March 2007, the debtor released to Global the $375,000 from his trust account. At the time, Global took $260,000 of this money to purchase a Wachovia Bank (hereinafter "Wachovia") official check, which Global then deposited with Civic Bank on March 12, 2007, to open a certificate of deposit account. While other deposits were made to the Global CD, the initial deposit of $260,000 is the only amount that could be traced from the debtor's trust account.

On March 27, 2007, Civic Bank entered into a loan/CD pledge transaction with Global wherein Civic Bank loaned Global $375,000 and received a pledge of Global's CD to secure the loan. Global defaulted on the note on August 30, 2007. Thereafter, on September 6, 2007, Civic Bank exercised its right to offset and paid the default from Global's CD proceeds.

It is undisputed that Civic Bank officials never had any communications with the plaintiffs nor the debtor regarding the funds deposited by Global into the CD account. Civic Bank's only contact with regard to the CD account or the Global note was with David Ruiz, the authorized representative of Global.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(c)(2), as incorporated by Federal Rule of Bankruptcy Procedure 7056, provides that summary judgment is proper if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."

## III. DISCUSSION

The issue before the Court is whether Civic Bank is entitled to summary judgment on the plaintiffs' claim against Civic Bank for conversion of funds.[1] In Tennessee, "[c]onversion is the appropriation of tangible property to a party's own use in exclusion or defiance of the owner's rights." ***H & M Enter., Inc. v. Murray***, No. M1999-02073-COA-R3-CV, 2002 WL 598556, at *3 (Tenn. Ct. App. Apr. 17, 2002) (citations omitted). Property may be converted in three different ways:

1. A person may personally dispossess another of tangible personal property.

2. A person may dispossess another of tangible property through the active use of an agent.

---

[1] At the hearing on summary judgment, the plaintiffs announced that they were abandoning their allegations of constructive and/or resulting trust against Civic Bank.

3 – U.S. Bankruptcy Court for the M.D. Tenn.

3. Under certain circumstances, a person who played no direct part in dispossessing another of property, may nevertheless be liable for conversion for receiving personal property.

*Id.* (citations omitted).

In *H & M*, the court was confronted with a dishonest employee who embezzled funds from her employer and deposited them into a joint account maintained by her and her husband. First, the court found that the husband had no knowledge that his wife had embezzled funds from her employer and that only the wife was personally involved with embezzling the employer's funds. Accordingly, the court held that the husband was not liable under the first type of conversion. *Id.* at *4. The same is true in the present case. Civic Bank did not personally dispossess the plaintiffs of the funds originally held by the debtor in trust. Like the wrongdoer in the *H & M* case, it was the debtor who personally dispossessed the plaintiffs of their funds, and Civic Bank had no involvement in the initial taking.

The *H & M* court also found that the evidence was insufficient to hold the husband liable upon an agency theory of recovery. The wife had concealed her fraud from her husband, and he had no knowledge of the fraud. Accordingly, the husband could not ratify her conduct or knowingly use or accept the benefit of the embezzled funds which had been

deposited in the joint account. *Id.* (citations omitted). While the facts in the *H & M* case involved spouses, the legal principles are applicable in the present case. Here, the debtor's payment of funds to Global and Global's subsequent deposit of funds into a CD account did not create any type of agency conversion whereby Civic Bank dispossessed the plaintiffs from their funds through the active use of an agent. Global was Civic Bank's customer, rather than its agent. Even if there was an agency relationship, Civic Bank never ratified Global's conduct because it had no knowledge of the plaintiffs or that the funds deposited in the CD belonged to them. Accordingly, as a matter of law, Civic Bank cannot be liable under this theory of conversion.

Finally, the *H & M* court found that the husband could not be liable under the remaining theory of conversion. Under this third type of conversion, the Court held that there must be some evidence that the husband knew or reasonably should have known that he was receiving and spending money that was not rightfully his to spend. *Id.* The *H & M* court concluded its opinion by stating:

> Proof that [the husband] used or spent some of the money in the bank account he owned jointly with [his wife] does not give rise to liability for conversion without some evidence that [the husband] knew or should have known that the money he was spending or using was not rightfully his or his wife's. There is simply no evidence that [the husband] had this knowledge and without it, there is no factual basis for finding him liable to H & M Enterprises using this theory of conversion.

*Id.* at *4.

5 – U.S. Bankruptcy Court for the M.D. Tenn.

The same is true in the present case. When Global defaulted under its loan, Civic Bank exercised its right to offset the default by taking the funds out of Global's CD account. To find that Civic Bank's dissipation of the CD account constitutes the third type of conversion, there must be a material dispute as to whether Civic Bank knew or reasonably should have known that the funds being deposited by Global into the CD account were not rightfully Global's property. In the record before the Court, there is not even a hint that Civic Bank had or should have had knowledge of this fact. Instead, the record reflects that Civic Bank had no knowledge of the plaintiffs or that the funds in the Global CD account belonged to the plaintiffs.

## IV. **CONCLUSION**

Accordingly, the Court finds that Civic Bank is entitled to summary judgment on the plaintiffs' claim for conversion because there are no genuine issues of material fact in dispute and because the plaintiffs, as a matter of law, cannot establish the requisite elements to support a claim for conversion under Tennessee law.

An appropriate order will enter.

**This Memorandum Opinion was signed and entered electronically as indicated at the top of the first page**

This Order has Been electronically signed. The Judge's signature and Court's seal appear at the top of the first page.
United States Bankruptcy Court.

Case 3:09-ap-00259    Doc 77    Filed 07/16/10    Entered 07/16/10 08:46:03    Desc Main
Document      Page 6 of 6